UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

GLORIA DOVE,
a citizen and resident of Arizona,

Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

Defendant.
_________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, GLORIA DOVE ("Plaintiff"), a citizen and resident of Arizona, and hereby sues the Defendant, CARNIVAL CORPORATION ("Defendant"), a Panamanian corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff is a citizen of Arizona and is otherwise *sui juris*.

3. Defendant is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. Defendant is both a citizen of Panama and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

4. At all material times Defendant was operating under the fictious name "CARNIVAL CRUISE LINES."

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. Plaintiff is a resident and citizen of Arizona, while Defendant is a citizen of Panama and Florida. The damages and injuries suffered by Plaintiff as alleged in Paragraph 17 below support an award of damages in excess of $75,000.00, exclusive of interest and costs.

6. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

7. At all material times, Defendant was, and is, engaged in the business of operating maritime cruise vessels for fare paying passengers, including Plaintiff.

8. In the operative ticket contract, Defendant requires fare paying passengers such as Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

9. Venue is also proper because Defendant's principal place of business is located within this judicial district.

10. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant with timely notice as required by the ticket contract. A copy of the letter, dated October 9, 2023, has been attached hereto as "Exhibit A."

**<u>LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS</u>**

11. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "Luminosa."


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

12. On June 22, 2023, Plaintiff was a fare paying passenger aboard the Luminosa and in that capacity was lawfully present aboard the vessel.

13. On June 22, 2023, Plaintiff was on Deck 3 within the Vela Dining Room sitting on a chair near table number 340, when her chair suddenly broke, causing her to fall onto the floor. As such, the chair constituted a dangerous condition because of its deficient and/or defective nature, being unable to bear the weight of a passenger and thereby increasing its susceptibility to breakage when a passenger, such as Plaintiff, would sit on it.

14. At all material times, Defendant, through its agents, servants, and employees, created, knew or should have known of the dangerous condition described in the preceding Paragraph due to the length of time that had elapsed since the dangerous condition formed, sufficient to invite corrective measures, prior chairs breaking, the maintenance policies applicable to the subject area, and the large number of and frequency with which other patrons and employees traverse the premises in the Vela Dining Room. The dangerous condition was not open and obvious to Plaintiff, as the dangerous condition of the chair was not visually apparent upon ordinary inspection and therefore not immediately detectable through ordinary senses.

15. At all material times, Defendant's actual and/or constructive knowledge also derives from prior similar incidents involving chairs breaking that occurred on the Luminosa, and/or other vessels within Defendant's control, including, but not limited to, the following:

a. *Brown v. Carnival Corp.*, 1:21-cv-23866 – the plaintiff was in the dining room sitting on a chair when it collapsed under him, causing him to crash onto the floor. The plaintiff sustained bodily injuries. This incident occurred in one of Defendant's vessels called "Valor," on August 2, 2019.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

b. *Tesoriero v. Carnival Corp.*, 1:16-cv-21769 – the plaintiff was in her cabin sitting on a chair when one of the legs removed itself from underneath, causing the chair to fall over with her on it. The plaintiff sustained bodily injuries. This incident occurred in one of Defendant's vessels called "Splendor," on June 26, 2015.

c. *Nunez v. Carnival Corp.*, 1:23-cv-23894 – the plaintiff was sitting on a chair at a dining table when the back legs of it collapsed as she tried to stand up, causing the plaintiff to fall backwards. The plaintiff sustained bodily injuries. This incident occurred in one of Defendant's vessels called "Vista," on October 23, 2022.

d. *Carpenter v. Carnival Corp.*, 1:24-cv-20359 – the plaintiff was sitting on a chair when it collapsed, causing plaintiff to sustain bodily injuries. This incident occurred in one of Defendant's vessels called "Freedom," on February 9, 2022.

16. At all material times, the subject chair is a common design feature on Defendant's cruise ship and must be regularly maintained and kept physically and safely accessible for passengers.

17. As a direct and proximate result of the fall described in Paragraph 13 above, Plaintiff was injured in and about her body and extremities, including shoulder injuries requiring surgical repair, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. The future medical and health care expenses are reasonably certain to occur. These damages are

permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I – NEGLIGENT MAINTENANCE**

Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

18. At all material times, Defendant owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel and furnishings therein, which encompassed the Vela Dining Room and the chair Plaintiff sat on, in a reasonably safe condition.

19. At all material times, there existed a dangerous condition in the Vela Dining Room on Deck 3 referenced in Paragraph 13, to-wit: a defective and deficient chair unable to bear the weight of passengers such as the Plaintiff.

20. At all material times, Defendant knew, or in the exercise of reasonable care, should have known of the dangerous condition of the chair for the reasons alleged in Paragraphs 14 through 16 above.

21. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, Defendant breached its duty to Plaintiff by failing to exercise reasonable care in maintaining the Vela Dining Room and furnishings therein, including the chair Plaintiff sat on before it collapsed, in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

a. Failing to maintain the chair in a reasonably safe condition so as to prevent the chair from collapsing underneath Plaintiff;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

b. Failing to conduct frequent, timely, and/or adequate inspections of the chairs inside the Vela Dining Room to identify and/or detect potential dangers to passengers, like Plaintiff;

c. Failing to inspect the chair Plaintiff attempted to use, prior to its collapsing underneath her;

d. Failing to repair, remove, and/or replace the chair prior to Plaintiff's incident;

e. Failing to staff and deploy a sufficient number of personnel to implement and enforce adequate policies and procedures to ensure that chairs in the Vela Dining Room were safe for passengers;

f. Failing adequately to train its crew members to maintain the chairs in the Vela Dining Room to prevent them from collapsing underneath passengers like Plaintiff.

22. As a direct and proximate result of one or more of Defendant's negligent acts as described above, Plaintiff fell as alleged in Paragraph 13, and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, interest, and the costs of this action and further demands trial by jury of all issues triable as of right.

**COUNT II – NEGLIGENT FAILURE TO WARN**

Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

23. At all material times, Defendant owed Plaintiff, as a fare paying passenger, a duty of reasonable care, including a duty to warn of onboard dangerous conditions of which it knew or


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

should have known about in the exercise of reasonable care which encompassed the duty to warn Plaintiff of the dangerous condition described in Paragraph 13.

24. At all material times, there existed a dangerous condition in the Vela Dining Room on Deck 3 referenced in Paragraph 13, to-wit: a defective and deficient chair.

25. At all material times, Defendant knew or should have known of the dangerous condition of the chair referenced in the preceding paragraph for the reasons alleged in Paragraphs 14 through 16 above.

26. At all material times, the dangerous condition of the chair upon which Plaintiff sat was not visible or otherwise apparent to reasonable passengers, including the Plaintiff, upon reasonable lay inspection and hence was not open and obvious to reasonable passengers.

27. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, Defendant failed at all material times to warn passengers, including Plaintiff, of the dangerous condition present in the Vela Dining Room (*i.e.*, the defective and deficient chair) through written and/or orally delivered warnings, appropriate signage, markings, or placement of cones, cordoning off the dangerous area pending the chair's maintenance, replacement, removal, or otherwise, and was thereby negligent.

28. As a direct and proximate result of one or more of Defendant's negligent acts as described above, Plaintiff fell as alleged in Paragraph 13, and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**COUNT III - NEGLIGENT DESIGN OF CHAIR**

29. Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

30. At all material times, Defendant owed Plaintiff, as a fare-paying passenger lawfully on board its vessel, a duty of reasonable care, including the duty to design, construct, select, furnish, approve, and/or reject the conditions onboard its ship in a manner so as to not allow equipment or other objects to be utilized on board the Luminosa where they could harm passengers, as well as to design and install reasonable safeguards.

31. At all material times, the Luminosa is a cruise ship which Defendant had custom built to specifications and designs which were made by, approved, or under the supervision and participation of Defendant. During the shipbuilding process, Defendant had full access to inspect the ship; the ability to inspect the designs used for construction; and the ability to reject and change any design, construction, production, or furnishing at the shipyard prior to accepting possession of the vessel. That includes participation or approval of the design, selection of materials, furnishment, and/or production of the subject chair provided by Defendant, including its instability and susceptibility to break, which caused Plaintiff to fall and suffer severe and permanent injuries.

32. At all material times, in addition to the Luminosa, Defendant also owns and operates several other cruise ships in its fleet of cruise ships. Defendant has maintained exclusive operation and supervision over the aforementioned ships since their initial construction and commencement of service. Furthermore, like the Luminosa, Defendant participated in the design and construction process of its entire fleet, with specifications and designs formulated either by Defendant itself or under its supervision and active involvement.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

33. At all material times, Defendant participated in the installation, furnishing, and/or design of the chair, or alternatively, Defendant accepted the chair with its design defects present after having been given an opportunity to inspect the ship and objects on it, including the chair, such that Defendant should have known of the design defects of the chair before making it available for passenger use. These design defects include, but are not limited to, the danger outlined in Paragraph 13 above.

34. At all times material hereto, Defendant participated in the design process of the Luminosa by generating design specifications for the shipbuilder to follow, and to put the vessel on which Plaintiff was injured into the channels of trade, and/or Defendant approved of the vessel's design, including the design, selection of materials, furnishment, and/or production of the chair on all of its ships, including the Luminosa.

35. At all times material hereto, Defendant manufactured, designed, furnished, and/or approved of the Luminosa, including providing specifications to the shipbuilder in the original build and furnishing process, and/or during its refurbishments, and as such owed a duty to passengers, and in particular to Plaintiff, to design, furnish, install, and/or approve of a chair without instability and/or susceptibility to break – both of which might cause passengers to fall while siting on it.

36. At all material times, Defendant maintains the right to participate, review, modify, and/or reject the design plans and drawings of vessels, including the Luminosa, during the construction, refitting, and furnishing process. Moreover, Defendant had the right to enter the Luminosa during the construction, refitting, or furnishing process and inspect it to ensure it was being built or furnished with its design specifications and maintained a right to order changes or reject design elements when safety concerns were identified.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

37. At all material times, Defendant knew or should have known of the dangerousness of the chair since its installation, acceptance of the cruise ship, and/or any and all other instances Defendant made structural changes, retrofits, modifications, or furnishings to its vessel, including but not limited to chairs, including the instances outlined in Paragraphs 14-16 above.

38. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the chair, Defendant failed at all material times, before Plaintiff fell, to properly design, construct, and/or furnish the chair and was thereby negligent.

39. As a direct and proximate result of Defendant's negligent design, construction, production, or furnishing of the chair as alleged above, Plaintiff fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: August 20, 2024

***/s/PHILIP M. GERSON***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306

dmarkel@gslawusa.com
STEPHEN P. MATHENY
Florida Bar No. 1049813
smatheny@gslawusa.com
JULIO D. TORRES
Florida Bar No. 1040446
jdtorres@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*